IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN L. HAMILTON, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-4777 |
| | : | |
| GENESIS HEALTHCARE CORP. et al., | : | |
| *Defendants*. | : | |

**MEMORANDUM**

PRATTER, J.  FEBRUARY 6, 2018

*Pro se* plaintiff Marilyn Hamilton brings claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act against various defendants related to her former employer, Genesis Healthcare Corp (Genesis). The defendants respond with a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). First, the defendants argue that Ms. Hamilton has not exhausted her administrative remedies for her employment-related claims. Second, they assert that Ms. Hamilton cannot bring claims against the individually-named defendants under Title VII or the ADA. For the reasons outlined in this Memorandum, the Court will grant the partial motion to dismiss.

**BACKGROUND[1]**

In mid-June 2017, Marilyn Hamilton applied for a Certified Nursing Assistant (CNA) position though the Genesis website. Within two hours, Genesis contacted her to set up an interview. A sign language interpreter was present at the interview to translate for Ms. Hamilton, who has a hearing loss. During the interview, Ms. Hamilton was questioned as to why an

---

[1] In ruling on a motion to dismiss, the Court must accept the facts presented in the complaint in the light most favorable to Ms. Hamilton and "accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

interpreter was present and how she would be able to perform the CNA job with her hearing loss. Subsequently, Ms. Hamilton learned that Genesis filled the position. Ms. Hamilton later called the Genesis human resources department to file a grievance but was not allowed to do so. She continued to apply for other positions with Genesis, but never received another interview. She claims to have lost wages from June 20, 2017 until August 11, 2017 as a result of this "failure to hire." On August 7, 2017, Ms. Hamilton filed an EEOC complaint objecting to this interaction. Defs.'s Mot. to Dismiss, Ex. A (Doc. No. 12-2). She received a right to sue letter from the EEOC on August 15, 2017. Compl. (Doc. No. 1).

Genesis contacted Ms. Hamilton about another position and scheduled an interview for August 11, 2017, four days after Ms. Hamilton filed her first EEOC complaint. Genesis hired Ms. Hamilton for an 11 p.m. to 7 a.m. shift. Although things started out "fine," Ms. Hamilton soon felt that Margaret McGill[2] was trying to "get rid" of her because Ms. McGill would ask her questions such as "Are you deaf?" and "How much can you hear?" Ms. Hamilton complained to Genesis about this treatment, but felt that her complaints were ignored. On October 3, 2017, Ms. Hamilton left her shift early as a result of the mistreatment. She was told not to return the following day and, on October 19, 2017, Genesis terminated her employment.[3]

Ms. Hamilton filed her complaint in this case on October 24, 2017. One week later, on November 1, she filed her EEOC complaint about Genesis's treatment of her during her

---

[2] Neither Ms. Hamilton's complaint nor the defendants' brief makes clear what Ms. McGill's position was or how she related to Ms. Hamilton.

[3] Ms. Hamilton did not include information about her termination in her complaint. These facts were drawn from her second EEOC complaint about her employment-based claims against Genesis. Defs.'s Mot. to Dismiss, Ex. B (Doc. No. 12-2). On a motion to dismiss under Rule 12(b)(6), the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc.*, 29 F.3d at 859. However, the Court can also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

employment. Defs.'s Mot. to Dismiss, Ex. B (Doc. No. 12-3). Ms. Hamilton has not produced a right-to-sue letter for her second EEOC complaint for her employment-based claims (as opposed to her hiring-based claims). Indeed, she could not have had a right-to-sue letter for her employment-based claims at the time she filed her complaint because she had yet to file an EEOC complaint about those claims.

## LEGAL STANDARD

At the outset, the Court notes that Ms. Hamilton's *pro se* pleading must be "liberally construed." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also Bieros v. Nicola,* 839 F. Supp. 332, 334 (E.D. Pa. 1993). Due to an "understandable difference in legal sophistication," *pro se* litigants such as Ms. Hamilton are held to a "less exacting standard" than trained counsel. *Lopez v. Brown,* No. 04–6267, 2005 WL 2972843 (D.N.J. Nov. 4, 2005) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). The Court stands prepared to "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003) (internal citation omitted).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough

3

to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Pa. Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer*, at 230 ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents"). Also, the Court must accept as true all reasonable inferences emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements

4

of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

## DISCUSSION

Although not stated explicitly, the Court interprets Ms. Hamilton's complaint to make claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act for (1) failing to hire her when she first applied for a CNA position at Genesis and (2) her treatment when she was subsequently employed at Genesis. In this partial motion to dismiss, Genesis seeks to dismiss Ms. Hamilton's employment-based claims for failure to exhaust administrative remedies. They also move to dismiss any Title VII or ADA claims against the individually-named defendants, namely, Ms. Fegley, Ms. Rudisill, Mr. Shashin, Ms. McGill, Ms. McCaine, and Ms. Murphy.

### I. Failure to Exhaust Administrative Remedies for Employment-Based Claims

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)). The Third Circuit Court of Appeals has explained that "the purposes of the exhaustion requirement are to promote administrative efficiency, 'respect[ ] executive autonomy by allowing an agency the opportunity to correct its own errors,' provide courts with the benefit of an agency's expertise, and serve judicial economy by having the administrative agency compile the factual

record." *Id.* (quoting *Heywood v. Cruzan Motors, Inc.*, 792 F.2d 367, 370 (3d Cir. 1986)) (alteration in original).

A claim is sufficiently exhausted when it is "fairly within the scope of the prior administrative complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (citing *Waiters v. Parsons*, 729 F.2d 233 (3d Cir. 1984) (per curiam)). Courts are "not limited to the four corners of an earlier administrative charge" and may also consider "acts encompassed within the charge's broad terms or those fairly read as interchangeable with the described discrimination, as well as any claims that are closely related to those included in the administrative complaint." *Thomas v. St. Mary Med. Ctr.*, 22 F. Supp. 3d 459, 468-69 (E.D. Pa. 2014) (finding the EEOC could not have reasonably been expected to be on notice of a disability discrimination claim when the original claim filed was for race discrimination).

Defendants argue that Ms. Hamilton cannot bring her employment-based claims because she has not demonstrated that she exhausted her administrative remedies as to those claims. Ms. Hamilton provided her right-to-sue letter for her hiring-based claims as part of her complaint but did not include a similar letter for her employment-based claims. Ms. Hamilton filed her second EEOC complaint, the one for her employment-based claims, on November 1, 2017, which was one week *after* she filed her complaint in this action.[4] Therefore, she has not exhausted her administrative remedies as to this claim.

---

[4] Defendants included Ms. Hamilton's employment-based EEOC complaint as an exhibit to their motion to dismiss. Defs.'s Mot. to Dismiss, Ex. A (Doc. No. 12-2). Generally, in ruling on a motion to dismiss, the Court is limited to considering only the facts as alleged in the complaint; however, the Court may also consider "matters of public record," such as Ms. Hamilton's EEOC filings. *Mayer*, 605 F.3d at 230.

Nor can the Court interpret Ms. Hamilton's second EEOC complaint as "fairly within the scope of the prior administrative complaint," because the first complaint stemmed from failure to hire charges and the second EEOC complaint stemmed from what happened while Ms. Hamilton was later employed at Genesis. The first EEOC complaint only dealt with how Genesis treated Ms. Hamilton at her first interview in which she was asked about her interpreter and hearing loss. The EEOC could not possibly have been on notice of Ms. Hamilton's employment based-claims from the first EEOC complaint because the EEOC was unaware that Genesis ever hired Ms. Hamilton. Given that those charges are markedly different and Ms. Hamilton has not demonstrated that she exhausted administrative remedies for her employment-based claims, her employment-based claims must be dismissed.

The Court grants the motion to dismiss for Ms. Hamilton's employment-based claims.

## II. Individual Defendants under Title VII and the ADA

Interpreting Ms. Hamilton's complaint broadly, she appears to assert claims under Title VII and the ADA against Ms. Fegley, Ms. Rudisill, Mr. Shashin, Ms. McGill, Ms. McCaine, and Ms. Murphy. These defendants argue that the Court must dismiss all claims against them because Title VII and the ADA do not provide for individual liability. The Court agrees.

"Congress did not intend to hold individual employees liable under Title VII." *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996). The language of Title VII states that:

> It shall be an unlawful employment practice for an employer—
>
> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .

42 U.S.C. § 2000e-2(a). An "employer" is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." *Id.* § 2(b). In interpreting this language, the Third Circuit Court of Appeals "joined the majority of other circuits in concluding" that individual employees are not liable under Title VII. *Kachmar v. Sungard Data Systems, Inc.*, 109 F.3d 173, 184 (3d Cir. 1997) (citing *Sheridan*, 100 F.3d at 1078).

Courts interpret Title VII and the ADA similarly because of the virtually identical language, and courts within the Third Circuit have concluded that there is also no individual liability under Title I of the ADA. *Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002) ("[T]here appears to be no individual liability for damages under Title I of the ADA"); *see also Datto v. Harrison*, 664 F.Supp.2d 472, 488-89 (E.D. Pa. 2009).

As a result, the individually-named defendants cannot be held liable for violations of Title VII or the ADA. Hence, the Court grants their motion to dismiss.

## CONCLUSION

For the reasons set out in this memorandum, the Court grants Defendants' partial motion to dismiss. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE